UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

In re                                                              :
                                                                   :
PERRY H. KOPLIK & SONS, INC.,                                      :
                                                                   :
                                    Debtor.                        :
                                                                   :
------------------------------------------------------------ X
                                                                   :
MICHAEL S. FOX as Litigation Trustee of                            :
PERRY H. KOPLIK & SONS, INC.,                                      :
                                                                   :
                                    Plaintiff,                     :
                                                                   :
                          -v-                                      :
                                                                   :
MICHAEL R. KOPLIK and JOYCE S. KOPLIK,  :
                                                                   :
                                    Defendants.                    :
                                                                   :
------------------------------------------------------------ X

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: July 31, 2015 |

15-cv-4002 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

On May 26, 2015, plaintiff Michael S. Fox, as Litigation Trustee of Perry H.

Koplik & Sons, Inc., and defendants Michael R. Koplik and Joyce S. Koplik jointly

moved this Court, pursuant to 28 U.S.C. § 157(d) and Rule 5011 of the Federal

Rules of Bankruptcy Procedure, for an order withdrawing for all purposes the

reference to the United States Bankruptcy Court of a proceeding under New York

Debtor & Creditor Law to set aside an alleged fraudulent conveyance of a

Manhattan townhouse by Michael Koplik, individually, to himself and his wife

Joyce Koplik, as tenants by the entirety.  (ECF No. 1.)

The parties dispute the Bankruptcy Court's jurisdiction to hear this matter.

Defendants assert that the Bankruptcy Court lacks jurisdiction over this New York

State law claim of fraudulent conveyance due to a lack of a "close nexus" to the bankruptcy plan.[1]  Plaintiff disagrees with defendants' conclusions as to the Bankruptcy Court's jurisdiction but agrees that litigating this suit in district court eliminates the jurisdictional dispute and provides an efficient path to litigate the claim.

The parties jointly argue that this Court has jurisdiction to hear the action against Mr. and Mrs. Koplik.  This Court requested oral argument to deal with two primary questions: (1) whether it has ancillary jurisdiction to hear a federal judgment creditor's state-based fraudulent conveyance action against both the alleged transferor and transferee when it was commenced before the judgment in the primary action became final; and (2) whether it has pendent-party jurisdiction over the alleged transferee who, unlike the transferor, was not a party in the primary action.  The Court is persuaded that it has both ancillary and pendent-party jurisdiction.  The parties' joint motion to withdraw the reference is therefore GRANTED.

I.     BACKGROUND

On March 11, 2002, bankruptcy proceedings involving Perry H. Koplik & Sons, Inc. ("Perry") commenced in the United States Bankruptcy Court for the Southern District of New York.  On April 16, 2003, the Bankruptcy Court approved

---

[1] The underlying judgment relating to this action was entered into by the District Court.  As such, defendants also assert that the Bankruptcy Court lacks ancillary jurisdiction over this claim since it involves enforcing the judgment.

2

Perry's Fifth Amended Chapter 11 Plan of Reorganization, pursuant to which Michael S. Fox was appointed the Litigation Trustee.

On March 3, 2004, Fox commenced an action against Michael R. Koplik and co-defendants in Fox v. Koplik, Adv. Pro. No. 04-02490 (REG) (Bankr. S.D.N.Y) ("Fox I"), seeking monetary damages for, inter alia, breach of fiduciary duties.  Two years later, on May 1, 2006, Fox, as a prospective judgment creditor in Fox I, commenced another adversary proceeding in Fox v. Koplik, Adv. Pro. No. 06-1451 (REG) (Bankr. S.D.N.Y) ("Enforcement Action") against Michael Koplik and Joyce Koplik seeking avoidance of an alleged fraudulent conveyance of a Manhattan townhouse from Michael Koplik to himself and his wife, Joyce Koplik, as tenants by entirety.  On August 14, 2006, the Bankruptcy Court stayed the Enforcement Action until a final order or judgment was entered into in Fox I.

On August 28, 2013, the United States District Court for the Southern District of New York entered a judgment in Fox I against Mr. Koplik and one of his co-defendants in the principal amount of $9,582,900.  Fox v. Koplik, Adv. Pro. 12 Civ. 6784 (PKC) (S.D.N.Y. 2013).  The judgment became final on December 1, 2014 when the Supreme Court denied the Fox I judgment debtors' petition for writ of certiorari.

The Bankruptcy Court lifted the stay in the Enforcement Action once the Fox I judgment became final.  On March 12, 2015, the Kopliks filed a joint motion to dismiss, arguing that the Bankruptcy Court lacked subject matter jurisdiction to hear the action.  Notwithstanding plaintiff's opposition to that motion to dismiss,

3

both parties filed the instant motion to withdraw the reference from the Bankruptcy Court so that this Court, whose jurisdiction is not disputed, can resolve the matter.

## II.   LEGAL STANDARDS

### A.   Ancillary Jurisdiction

The first question before the Court is whether it has ancillary jurisdiction over a state-based fraudulent conveyance claim.  In this instance, the judgment creditor's fraudulent conveyance claim was commenced prior to the time the judgment in the primary action became final.  That procedural posture does not, however, alter the applicability of governing principles on this issues.  The Supreme Court has instructed that ancillary jurisdiction may be exercised "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379-80 (1994).  While "[t]he boundaries of ancillary jurisdiction are not easily defined and the cases addressing it are hardly a model of clarity . . . At its heart, ancillary jurisdiction is aimed at enabling a court to administer 'justice within the scope of its jurisdiction.'"  Garcia v. Teitler, 443 F.3d 202, 208 (2d Cir. 2006) (quoting Morrow v. District of Columbia, 417 F.2d 728, 740 (D.C. Cir. 1969)).

When considering whether federal courts have jurisdiction to enforce their judgments in actions rooted in state law claims, the Supreme Court has "never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment."  Peacock v. Thomas, 516 U.S. 349, 357 (1996).  In Peacock, the

Supreme Court declined to extend ancillary jurisdiction to hear a subsequent state law action because all the claims in that suit "involved new theories of liability not asserted in the [first] suit." Id. at 358-59.

The Supreme Court noted, however, that it has authorized ancillary jurisdiction "over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments— including . . . the prejudgment avoidance of fraudulent conveyances"—"because of a federal court's inherent power to enforce its judgments." Id. at 356 (citing to Dewey v. W. Fairmont Gas Coal Co., 123 U.S. 329, 332-33 (1887)). The Court went on to clarify that jurisdiction over "supplementary proceedings has not, however, extended beyond attempts to execute, or to guarantee eventual executability of, a federal judgment." Id. at 357 (emphasis added).

The Second Circuit more recently considered the scope of its ancillary jurisdiction over a federal judgment creditor's state law claims against purported transferees of the judgment debtor's assets in Epperson v. Entm't Express Inc., 242 F.3d 100 (2d Cir. 2001). The Second Circuit concluded that the district court had jurisdiction over the purported transferees, despite their not being parties in the first suit, because the subsequent action was intended to "void the allegedly fraudulent conveyances . . . in order to ensure the collectability of the default judgment against the [transferor]." Id. at 107. The Second Circuit reasoned that its decision was consistent with Peacock because the subsequent action was not about establishing liability against the purported fraudulent transferees' own assets;

rather, it was merely seeking "to pursue . . . the assets of the judgment debtor even though the assets are found in the hands of a third party."   Id. at 106.

The Epperson court pointed to other courts that have come to similar conclusions.  See Thomas, Head and Greisen Employees Trust v. Buster, 95 F.3d 1449, 1454 (9th Cir. 1996) (since plaintiff  "seeks only to disgorge from . . . [the] alleged fraudulent transferees the property [that the judgment debtor] wrongfully transferred" and was "not attempting to establish the [transferees'] liability for the original judgment . . . Peacock [is] inapposite"); see also Sec. & Exch. Comm'n v. Antar, 120 F. Supp. 2d 431, 440 (D.N.J. 2000), aff'd, 44 Fed. Appx. 548 (3rd Cir. 2002) (holding that Peacock approves of ancillary jurisdiction over transferees because the claim "seeks to reach assets belonging to the judgment debtor but found in the hands of the relief defendants"); but see Galuska v. Geoquest, Inc., No. 98-1892, 1998 WL 879510, at *1 (7th Cir. Dec. 9, 1998) (holding that because "the subsequent suit names [the purported transferees] as defendants who [were] not found liable in the first suit . . . the district court's jurisdiction over the first suit does not carry over to a new, independent suit, even when the new suit is brought to enforce a prior federal judgment").

The question of ancillary jurisdiction turns on whether the new suit is "an action to collect a judgment . . . [or] an action to establish liability on the part of a third party," and under Second Circuit case law a suit against an alleged fraudulent transferee falls within the scope of the former.  Epperson, 242 at 104.

B.     Pendant-Party Jurisdiction

The second question before the Court is whether this Court has pendant-party jurisdiction over Mrs. Koplik who, unlike Mr. Koplik, is not already liable for the federal judgment.  Pendant-party jurisdiction allows a federal court the "power to hear a state claim brought against a defendant who is not himself subject to any federal claim, but who nevertheless is subject to a state law claim that forms part of the same case or controversy as a federal claim against another defendant."  United States Fire Ins. Co. v. United Limousine Serv., Inc., 328 F. Supp. 2d 450, 452 (S.D.N.Y. 2004).

The Supreme Court had previously held that because Congress had not authorized pendant-party jurisdiction, "the power lies dormant."  Finley v. United States, 490 U.S. 545, 548 (1989) (citing The Mayor v. Cooper, 73 U.S. 247, 252 (1867)).  Congress responded the following year by enacting § 1367, which authorizes "supplemental jurisdiction over all other claims that are so related to claims [over which the district court has original jurisdiction] that they form part of the same case or controversy . . . . Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."  28 U.S.C. § 1367(a); see Exxon Mobil Corp. v. Allapattah, 545 U.S. 546, 547 (2005).  The Second Circuit held that Congress thus authorized pendant-party jurisdiction when the state law "claim in question arises out of the same set of facts that give rise to an anchoring federal question claim against another party."  Kirschner v. Klemons, 225 F.3d 227, 239 (2d Cir. 2000); see also Itar-Tass Russian News Agency v.

7

Russian Kurier, Inc., 140 F.3d 442, 447 (2d Cir. 1998) (holding that a district court's exercise of pendant-party jurisdiction is discretionary, and § 1367(c) limits what a court can consider when making that decision).

III.   DISCUSSION

A federal court has ancillary jurisdiction for both pre- and post-judgment fraudulent conveyance claims so long as such claims do not create independent liability for a third-party.  See Peacock, 516 U.S. at 357.  Here, Fox is not seeking to establish independent liability but is attempting to execute a federal judgment. Unlike Peacock where the defendant in the subsequent action was a third-party vis-à-vis the primary action, Mr. Koplik was not a third-party in the underlying action. Under Peacock, this Court may exercise jurisdiction over him, as a federal judgment debtor, to ensure the collectability of that judgment.

Under Second Circuit precedent, a federal court also has ancillary jurisdiction over claims involving Mrs. Koplik as an alleged fraudulent transferee. See Epperson, 242 F.3d at 106.  Here, Fox is not seeking to hold Mrs. Koplik liable but rather is looking to disgorge from her the property that the judgment debtor, her husband, wrongfully transferred to her.  As in Epperson, this action is intended to "void the allegedly fraudulent conveyances . . . in order to ensure the collectability of the . . . judgment against the [transferor]."  Id. at 107.

Furthermore, this Court has pendent-party jurisdiction over Mrs. Koplik who, as an alleged fraudulent transferee, is a pendant-party to an anchoring federal claim over the alleged fraudulent transferor. Jurisdiction over Mrs. Koplik is proper

8

since the state law claim against her arises out of the same set of facts—indeed, the same exact transaction—as those against Mr. Koplik, over whom this Court has jurisdiction given his status as a federal judgment debtor.  See Kirschner, 225 F.3d at 239.

IV.    CONCLUSION

On the facts here, this Court has ancillary and pendent-party jurisdiction to hear the federal judgment creditor's state-based fraudulent conveyance action against a federal judgment debtor and an alleged transferee of the fraudulent conveyance (his wife).  The Court agrees with the parties that, under 28 U.S.C. § 157(d), the interests of judicial economy support withdrawal of the reference.  Accordingly, the parties' motion to withdraw the reference is GRANTED.

The parties shall appear for an initial pretrial conference on **Friday, September 4, 2015, at 4:00 p.m.**

The Clerk of Court is directed to close the motion at ECF No. 1.


SO ORDERED.

Dated:        New York, New York
              July 31, 2015


_____
KATHERINE B. FORREST
United States District Judge

9